# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

---

**In Re**

MICHAEL D. HYDE, dba
HYDE A WAY DAIRY,

**Debtor.**

**Bankruptcy Case
No. 08-40841-JDP**

---

## MEMORANDUM OF DECISION

---

**Appearances:**

    Forrest Hymas, Hailey, Idaho, Chapter 12 Trustee.

    Kimberly Hobbs, Franklin, Idaho, Owner of Creditor Hobbs Farms.

### *Introduction*

On February 3, 2009, chapter 12[1] trustee, Forrest Hymas ("Trustee"), objected to the proof of claim filed by creditor Hobbs Farms ("Creditor"). Docket No. 70. Following a hearing on the objection, the issues were taken

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 - 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 - 9037.

MEMORANDUM OF DECISION - 1

under advisement. This Memorandum constitutes the Court's findings and conclusions,[2] and disposes of the issues raised in the objection.

*Facts*

Debtor Michael D. Hyde filed a chapter 12 petition on September 12, 2008. Docket No. 1. A creditor mailing matrix was attached to the petition, but Creditor was not listed on that matrix. No schedules were included with the petition. The Bankruptcy Noticing Center sent notice of the commencement of the bankruptcy case, the meeting of creditors, and various deadlines to all parties listed on the mailing matrix on September 17, 2008. The notice indicated that the meeting of creditors was to be held on October 20, 2008, and that the deadline to file a proof of claim was January 18, 2009. Docket No. 15. Creditor represents it did not receive this notice.

In December 2008, one of the owners of Creditor, Kimberly Hobbs, was advised by another that a notice of Debtor's bankruptcy case had appeared in a local newspaper. Ms. Hobbs contacted the Clerk to

---

[2] *See* Fed. R. Bankr. P. 7052; 9014.

MEMORANDUM OF DECISION - 2

investigate, and was given the case number assigned to Debtor's bankruptcy case. On December 15, 2008, Creditor prepared and mailed a written request to be added to the mailing matrix in the case, which request was received and filed by the Clerk on December 17, 2008. Docket No. 51. Thereafter, Creditor received various documents mailed out in connection with Debtor's case.[3] Ms. Hobbs explained to the Court that none of the information Creditor received mentioned any requirement that creditors must file a proof of claim to participate in distributions, or any deadline by which to file one.

In late January, 2009, Ms. Hobbs was reviewing information received from Debtor's attorney when she noticed a reference that the holders of unsecured claims would be paid only $4,000.[4] She became concerned because Creditor was owed $11,648.12. She contacted Debtor's

---

[3] Exactly which documents Creditor received is unclear. The certificate of service attached to one such document, Ireland Bank's Objection to Confirmation of Plan, Docket No. 53, indicates that a copy was mailed to Creditor.

[4] This information may have been Debtor's proposed chapter 12 plan which proposed to pay $4,000 annually to the trustee to distribute ratably among the unsecured creditors. *See* Docket No. 48.

MEMORANDUM OF DECISION - 3

attorney's assistant on January 21, 2009, who suggested that Creditor promptly file a proof of claim. Around that same time, Creditor contacted Trustee who also suggested that Creditor file a proof of claim.[5]

On January 21, 2009, Creditor obtained a proof of claim form from Debtor's attorney's assistant, completed it, and sent it via overnight mail to Debtor's attorney. The proof of claim, together with supporting documentation for the claim, was filed with the Clerk on January 27, 2009, nine days after the deadline had passed. *See* Claims Register, Claim #20.

On February 3, 2009 Trustee objected to Creditor's proof of claim on the grounds that it was untimely. Docket No. 70.

---

[5] There is some discrepancy as to when this conversation actually took place. Trustee indicated that he had no notes of the conversation and could not recall exactly when it occurred. However, he speculated that the conversation must have occurred within one day of the date Creditor filed its request to be added to the mailing matrix. Interestingly, however, in Trustee's supplement to the objection, Docket No. 85, and at the hearing, Trustee erroneously indicated that Creditor filed this request on January 16, 2009, meaning that he likely thought his conversation with Ms. Hobbs occurred on January 15, 2009. On the other hand, Ms. Hobbs explained that she called Trustee on January 21, 2009, after she had spoken with the attorney's assistant. According to Ms. Hobbs' time table, both the conversation with Trustee and the conversation with Debtor's attorney's assistant occurred after the claims bar date had passed.

MEMORANDUM OF DECISION - 4

*Discussion*

Under Rule 3002(c), a proof of claim in a chapter 12 case must be filed "not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code . . . ." In this case, the meeting of creditors was set for October 20, 2008, and the deadline to file proofs of claims was January 18, 2009. Creditor filed its proof of claim on January 27, 2009, or in other words, nine days late.

The Court has limited authority under the Rules to extend the time within which to file a proof of claim. *In re Johnson*, 262 B.R. 831, 845 (Bankr. D. Idaho 2001). As the Court has explained:

> [w]hile the Court is generally granted authority under Rule 9006(b)(2) to enlarge the time for taking certain acts, subsection (b)(3) of the Rule specifically limits this ability with regard to the time limits established by Rule 3002 to the extent and under the conditions stated in [that rule].

*Id.* (citing Rule 9006(b)(3)).

None of the circumstances described in Rule 3002(c) that permit the Court to extend the time for filing a proof of claim apply in this case.

MEMORANDUM OF DECISION - 5

Given the unambiguous language of Rule 9006(b)(3), the Court concludes it is simply not permitted to equitably enlarge the time period for filing proofs of claims under these circumstances. *See Gardenhire v. IRS (In re Gardenhire)*, 209 F.3d 1145, 1148 (9th Cir. 2000) ("a bankruptcy court lacks equitable discretion to enlarge the time to file proofs of claim; rather, it may only enlarge the filing time pursuant to the exceptions set forth in the Bankruptcy Code and Rules"); *Coastal Alaska Lines, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.)*, 920 F.2d 1428, 1432-33 (9th Cir. 1990) ("We . . . hold that the bankruptcy court cannot enlarge the time for filing a proof of claim unless one of the six situations listed in Rule 3002(c) exists"); *In re Johnson*, 262 B.R. at 845 ("Given the unambiguous language of Rule 9006(b)(3) and controlling case law, this Court concludes it is simply not permitted to equitably enlarge the time period for filing proofs of claim absent facts which place Creditors within one of the express exceptions of Rule 3002."). Accordingly, Creditor's proof of claim must be disallowed for purposes of sharing in distributions under Debtor's chapter 12 plan because it was not timely filed. *See* 11 U.S.C. § 502(b)(9).

MEMORANDUM OF DECISION - 6

This result may appear harsh in this case as it is clear that Creditor was omitted from Debtors' schedules[6] and mailing matrix, and that Creditor received no formal notice from the Clerk advising it of the deadline to file a proof of claim. In addition, Creditor points out that even though Ms. Hobbs contacted the Clerk in December, 2008, it was not advised it needed to file a proof of claim, only a request to be added to the mailing list, which it promptly did. *See* Docket No. 72.

When Creditor learned that Debtor had filed a bankruptcy petition, and was provided the case number by the Clerk, Creditor was put on inquiry notice of the claims filing deadline and other information appearing in the docket of the bankruptcy case. *Lawrence Tractor Co. v. Gregory (In re Gregory)*, 705 F.2d 1118, 1123 (9th Cir. 1983) ("'Whatever is notice enough to excite attention and put the party on his guard and call for inquiry, is notice of everything to which such inquiry may have led.

---

[6] Creditor is still not listed among the unsecured creditors in schedule F. In the supplement to his objection, Docket No. 85, Trustee indicated that Debtor's attorney would be amending schedule F to include Creditor. No such amendment has been filed.

MEMORANDUM OF DECISION - 7

When a person has sufficient information to lead him to a fact, he shall be deemed to be conversant of it."') (quoting *D.C. Transit Systems, Inc. v. United States*, 531 F.Supp. 808, 812 (D.D.C 1982) (citations omitted)). Creditor could have accessed the Court's docket at the Clerk's office, or on the internet, and quickly learned that the deadline to file a proof of claim was approaching. Although Creditor requested to be added to the mailing matrix in December, 2008, it took no action to file a claim at that time.[7] Indeed, after learning of the bankruptcy case, Creditor had over thirty days in which to complete and file a proof of claim. Creditor's lack of sophistication in matters of bankruptcy law does not excuse its failure to timely act.

## *Conclusion*

Trustee's objection to Creditor's proof of claim will be sustained and Creditor's claim will be disallowed. A separate order will be entered.

---

[7] According to the proof of claim, in March, 2006, it sold and delivered 194.6 tons of hay to Debtor. Creditor was paid only $1,000 of the purchase price at the time, leaving a balance due of $11,648.12. At the hearing, Ms. Hobbs, on behalf of Creditor, explained that Creditor had taken no formal action to recover the debt, but was attempting to "work with [the Debtor]" to recover the debt.

MEMORANDUM OF DECISION - 8

Dated: April 21, 2009

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 9